IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JANE DOE (a fictitious name), | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. S20C-05-025 RFS |
| | : | |
| MASSAGE ENVY FRANCHISING, LLC | : | |
| and | : | |
| DDW ENTERPRISES, LLC | : | |
| | : | |
| and | : | |
| SAVAD, LLC D/B/A MASSAGE ENVY CHRISTIANA | : | |
| | : | |
| and | : | |
| ALICIA NORRIS | : | |
| | : | |
| and | : | |
| HAND AND STONE FRANCHISE CORPORATION | : | |
| | : | |
| and | : | |
| GWS VENTURES, INC. | : | |
| | : | |
| and | : | |
| JD WELLNESS, LLC | : | |
| | : | |
| and | : | |
| GERALD L'HEUREUX, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Submitted: 12/10/2020
Decided: 1/7/2021

Philip T. Edwards, Esq., 1011 Centre Rd., Suite 210 Wilmington, DE 19805 and V. Paul Bucci, II, Esq. and M. Stewart Ryan, Esq., 1435 Walnut Street, Suite 700 Philadelphia, PA 19102, Attorneys for Plaintiff.

Maria R. Granaudo Gesty, Esq., Delaware Corporate Center I, 1 Righter Parkway, Suite 130, Wilmington, DE 19803, Attorney for Defendant, Hand and Stone Franchise Corporation.

## I. INTRODUCTION

Before the Court is Hand and Stone Franchise Corporation's ("Hand and Stone") Motion to Dismiss Plaintiff's Second Cause of Action: Vicarious Liability. For the reasons that follow, Hand and Stone's Motion to Dismiss is **DENIED**.

## II. FACTUAL AND PROCEDURAL HISTORY

On or about June 30, 2018, Jane Doe ("Plaintiff") checked into Massage Envy – Christiana location for a massage. Plaintiff alleges she was sexually assaulted by Christopher Dorman ("Dorman"), an employee at Massage Envy, giving rise to Plaintiff bringing numerous claims against multiple defendants before the Court.

Prior to working at Massage Envy, Dorman was an employee of a Hand and Stone franchisee location owned and operated by JD Wellness, LLC (the "Franchisee").[1] Plaintiff alleges Dorman had several complaints for inappropriate sexual touching when he was an employee of the Franchisee; however, Dorman continued to maintain his massage therapy license. These allegations did not involve Plaintiff.

On May 21, 2020, Plaintiff filed her complaint in this Court seeking damages arising out of the alleged sexual assault. Plaintiff brought multiple claims against Hand and Stone: (1) Vicarious Liability; (2) Negligence; (3) Failure to Rescue; (4) Breach of Duty to Warn; (5) Fraudulent Concealment; (6) Negligence Per Se; and (7) Negligent Infliction of Emotional

---

[1] JD Wellness, LLC was previously named in the suit as JDY Ventures, LLC d/b/a Hand and Spa.

2

Distress. Plaintiff contends Hand and Stone should be liable for Dorman's actions for their failure to report Dorman's behavior while an employee at the Franchisee.[2]

Hand and Stone moves to dismiss Plaintiff's cause of action for vicarious liability, arguing there is no legally cognizable theory under which Hand and Stone could be vicariously liable for the intentional acts of Dorman.

## III. DISCUSSION

Superior Court Civil Rule 12(b)(6) provides that a defendant may bring a motion to dismiss if the claimant fails to state a claim upon which relief can be granted.[3] "Dismissal is limited to those cases in which the Court determines 'with reasonable certainty that, under any set of facts that could be proven to support the claims asserted, the plaintiff would not be entitled to relief.'"[4]

Plaintiff alleges instances of sexual assault occurring at Hand and Stone franchise locations, the Franchisee, are reported to Hand and Stone.[5] Plaintiff contends Hand and Stone and its franchisees have failed to report sexual assault, allowing abusive therapists to maintain their massage therapy license and have unfettered access to women who are in "extremely vulnerable positions."[6]

Plaintiff points to Hand and Stone's franchise agreement, claiming Hand and Stone formulates all policies and procedures that its franchisees are required to follow, including, but not limited to those relating to the prevention, investigation, reporting and handling of sexual assault allegations.[7] Further, Plaintiff pleads franchisees are regularly trained by Hand and Stone,

---

[2] Dorman was not an employee of Hand and Stone at the time of Plaintiff's alleged assault.
[3] Super. Ct. Civ. R. 12.
[4] *Markow v. Synageva Biopharma Corp.*, 2016 WL 1613419, at *4 (Del. Super. Ct. Mar. 3, 2016) (citing *Fumari v. Wallpang, Inc.*, 2014 WL 1678419, at *3 (Del.Super. Apr. 16, 2014)).
[5] Pl.'s Comp.
[6] *Id.* at ¶ 76.
[7] *Id.* at ¶ 78.

3

or its agents, on how to comply with said policies and procedures.[8] Plaintiff also alleges Hand and Stone supervises its franchisees to ensure compliance with Hand and Stone policies and procedures in the day-to-day operations.[9]

Hand and Stone argues Plaintiff has not alleged that Hand and Stone had the right to directly and/or indirectly control Dorman's day-to-day job responsibilities. Further, Dorman was not an employee of Hand and Stone at the time of assault alleged in the complaint.

Whether Hand and Stone can be liable for the acts of Dorman, an employee of the Franchisee, depends on if an agency relationship exists between Dorman and Hand and Stone. "Under Delaware law, a 'franchisor may be held to have an actual agency relationship with its franchisee when the former controls, or has the right to control the latter's business.'"[10] "Where a franchise agreement exists and it goes 'beyond the stage of setting standards, and allocates to the franchisor the right to exercise control over the daily operations of the franchise, an agency relationship exists.'"[11]

At the motion to dismiss stage, the threshold Plaintiff must meet is low.[12] In the complaint, Plaintiff pleads Hand and Stone had a role in the daily operations of the Franchisee. If discovery proves Hand and Stone had control over the Franchisee, an agency relationship may be found.

Although the Court finds it possible for an agency relationship to exist between Hand and Stone and the Franchisee and its employees, the acts pleaded in the complaint took place when Dorman was no longer an employee of the Franchisee. Plaintiff argues Hand and Stone can be

---

[8] *Id.*

[9] *Id.*

[10] *Cumpston v. McShane*, 2009 WL 1566484, at *3 (Del. Super. Ct. June 4, 2009) (citing *Billops v. Magness Const. Co.*, 391 A.2d 196, 197 (Del. 1978)).

[11] *Id.*

[12] *Johnson v. Preferred Prof'l Ins. Co.*, 91 A.3d 994, 1013 (Del. Super. Ct. 2014).

vicariously liable because they failed to report Dorman and then recommended him for employment at Massage Envy – Christiana, ratifying Dorman's conduct.

Plaintiff points to the Restatement (Third) of Agency in support of the contention Hand and Stone ratified Dorman's conduct. "A person ratifies an act by 'manifesting assent that the act shall affect the person's legal relations' or by engaging in 'conduct that justifies a reasonable assumption that the person so consents.'"[13] Plaintiff argues Hand and Stone ratified Dorman's conduct and any foreseeable sexual assault by Dorman.

Plaintiff pleads Hand and Stone recommended Dorman for employment at Massage Envy – the establishment Plaintiff was allegedly sexually assaulted at – even though Hand and Stone was aware of Dorman's misconduct. Plaintiff pleads the following:

> Prior to the assault alleged above, upon information and belief, Defendants Hand and Stone and/or Hand and Spa knew, had reason to know, or were otherwise on notice of the unlawful sexual conduct of Dorman. Defendants Hand and Stone and Hand and Spa failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct in the future by Dorman, including, but not limited to, choosing not to report Dorman to authorities after knowing he was a danger to female customers and/or recommending Dorman for employment with MEF and/or ME Christiana.[14]

Further, Plaintiff pleads,

> Through their failure to timely reprimand and sanction the acts referenced herein, and for all of the other reasons set forth in this Complaint including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts, Defendants ratified said actions and, accordingly, are vicariously liable for the actions of Dorman.[15]

---

[13] *Vichi v. Koninklijke Philips Elecs., N.V.*, 85 A.3d 725, 802 (Del. Ch. 2014) (citing Restatement (Third) of Agency § 4.01(2)).
[14] Pl.'s Comp. at ¶ 132.
[15] *Id.* at ¶ 134.

Moreover, the Standards of Professional Conduct under the Board of Massage and Bodywork, a regulated profession, provides:

> Any licensee who has knowledge that another licensee has violated the Standards of Professional Conduct set forth in section 11.0, or any other Board law, Rule or Regulation, shall present that information by complaint to the Division of Professional Regulation for investigation.[16]

Taking Plaintiff's allegations as true, the Court finds Plaintiff sufficiently pleads averments to survive a motion to dismiss. Hand and Stone had a duty to report violations to the appropriate authority. Not only does Plaintiff plead Hand and Stone failed to report Dorman's conduct, Plaintiff further pleads Hand and Stone recommended Dorman for employment at Massage Envy. Based on the allegations in the complaint, Hand and Stone's acquiescence could be reasonably assumed to be consenting to Dorman's actions and ratifying Dorman's conduct.

"When considering a motion to dismiss, the Court must read the complaint generously, accept all of the well-plead allegations contained therein as true, and draw all reasonable inferences in a light most favorable to the non-moving party."[17] "[W]hen deciding a motion to dismiss, the Court will not adjudicate contested issues of fact on a motion to dismiss, nor will it deem a pleading inadequate under Rule 12(b)(6) simply because a defendant presents facts that appear to contradict those plead by the plaintiff."[18] Therefore, at this stage, and prior to discovery, the Court finds Plaintiff sufficiently pleaded facts to support the claim set forth against Hand and Stone.

---

[16] Code Del. Regs. 5300-11.3.
[17] *Doe 30's Mother v. Bradley*, 58 A.3d 429, 443 (Del. Super. Ct. 2012).
[18] *Id.*

6

## V. CONCLUSION

Considering the foregoing, Defendant's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

FILED PROTHONOTARY
SUSSEX COUNTY
JAN -7 A 11: 16